UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GUY LAWSON,

Plaintiff,

v.

HCMC, and MD. HANIVITCH,

Defendants.

Civil No. 01-2120 (JMR/FLN)

REPORT AND RECOMMENDATION

THIS MATTER has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The matter is presently before the Court for review of Plaintiff's pro se complaint and application for leave to proceed in forma pauperis ("IFP"). For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied.

## I. BACKGROUND

Plaintiff is seeking $1,000,000 in damages from "HCMC," (which presumably is the Hennepin County Medical Center), and a doctor identified as "Md. Hanavitch." Plaintiff apparently received medical treatment from Defendant Hanavitch during a recent hospital visit to HCMC. He claims that Defendant Hanavitch was treating him for chest pains, and failed to provide proper care. Plaintiff apparently believes that Defendant Hanavitch did not give him the proper medications for his condition.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall

DEC 1 2 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Even with the benefit of the liberal construction that is required in pro se cases, (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), it is readily apparent that Plaintiff's present complaint does not state any claim that can be entertained in federal court. The allegations in the complaint clearly suggest that Plaintiff is trying to bring a tort claim against Defendants -- more specifically, a medical malpractice claim. Such a claim might be cognizable under state law, but the complaint does not suggest any type of claim based on federal law.

Because Plaintiff has not identified, and the Court cannot independently discern, any claim for relief based on federal law, federal subject matter jurisdiction is missing in this action.[1] The action must therefore be dismissed pursuant to Fed. R. Civ. P. 12(h)(3). It follows that Plaintiff's IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B).

Finally, it will be recommended that this action be dismissed without prejudice, so that Plaintiff will still have the opportunity to pursue his medical malpractice claims in the Minnesota state courts.[2]

---

[1] Federal jurisdiction cannot be invoked based on diversity of citizenship, (see 28 U.S.C. § 1332), because the civil cover sheet that Plaintiff submitted with his complaint shows that he and the named Defendants are all residents of Minnesota.

[2] This does not mean that Plaintiff appears to actually have a viable state law claim. Indeed, if he were to file his current pleading in the state court, it undoubtedly would not survive a motion to dismiss. If Plaintiff elects to pursue a medical malpractice claim in state court, he will have to provide a much clearer explanation of the facts on which his claim is based, and he will also have to comply with the various "expert witness" requirements prescribed by Minn.Stat. § 145.682.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3); and

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**.

Dated: December 11, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500